# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PEDRO G.,[1]

        **Plaintiff,**

                                       **Case No. 2:22-cv-5377**

    **v.**                                    **Magistrate Judge Norah McCann King**

LELAND DUDEK,[2]
Acting Commissioner of Social Security,

        **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Pedro G. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision denying Plaintiff's applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Leland Dudek, the current Acting Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

## I.    PROCEDURAL HISTORY

On June 30, 2020, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he has been disabled since November 1, 2019. R. 71–72, 89–91, 202–03, 206–13. The applications were denied initially and upon reconsideration. R. 114–31. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 132. ALJ David Suna held a hearing on September 9, 2021, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 43–70. In a decision dated October 21, 2021, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from November 1, 2019, Plaintiff's alleged disability onset date, through the date of that decision. R. 28–38. That decision became final when the Appeals Council declined review on June 7, 2022. R. 17–22. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On November 30, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 4.[3] On February 24, 2023, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

Cir. 2000); *see also* 42 U.S.C. §§ 405(g, 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of

social security disability cases ceases to be merely deferential and becomes instead a sham.");

*see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9,

2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting

*Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted));

*see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists

only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or

"ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of*

*Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see*

*K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into

account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp.

at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular

format in conducting [the] analysis," the decision must contain "sufficient development of the

record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d

501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir.

2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an

expression of the evidence s/he considered which supports the result, but also some indication of

the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121

("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication

of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a

comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record.  *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B.    Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements of the Social Security Act for disability insurance benefits through December 31, 2022. R. 30. He was 36 years old on November 1, 2019, his alleged disability onset date. R. 37. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 30.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of depressive disorder and anxiety disorder. *Id*. The ALJ also found that Plaintiff's medically determinable impairments of psoriasis and obesity and his non-medically determinable impairment of back pain were non-severe. R. 31–32.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 32–33.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to various non-exertional limitations. R. 33–36. The ALJ also found that this RFC permitted the performance of Plaintiff's past relevant work as a stores laborer. R. 36–37.

Alternatively, the ALJ proceeded to step five and, relying on the testimony of the vocational expert, found that a significant number of jobs−*e.g.*, jobs as a hospital cleaner, a food service worker, a merchandise marker, and a photocopy machine operator−existed in the national economy and could be performed by Plaintiff despite his lessened capacity. R. 37–38. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 1, 2019, his alleged disability onset date, through the date of the decision. R. 38.

Plaintiff disagrees with the ALJ's findings at steps two and four and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 15. The Acting Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 14.

## IV.    SUMMARY OF RELEVANT MEDICAL EVIDENCE

Consultant Leslie Williams[4] conducted an initial review of Plaintiff's medical record on behalf of the state agency on December 21, 2020. R. 73–88. Consultant Williams found, *inter alia*, that Plaintiff had three severe medically determinable impairments: depressive, bipolar and related disorders; anxiety and obsessive compulsive disorders; and a learning disorder. R. 76, 84. Consultant Williams also found that Plaintiff's disorder of the back (discogenic and degenerative) was a medically determinable impairment, but was not severe. *Id*. In considering the paragraph B criteria for Listings 12.04, 12.06, and 12.11, Consultant Williams opined that

---

[4] Other than a reference to the medical specialty code "38 Psychology[,]" R. 77, 79–80, 85, 87–88, Consultant Williams' credentials do not appear in the record.

Plaintiff had moderate limitations in all four functional areas. *Id*.

Consultant Jocelyn Fierstien[5] reviewed Plaintiff's medical record upon reconsideration for the state agency on March 23, 2021. R. 91–110. Consultant Fierstien agreed with Consultant Williams that Plaintiff's medically determinable impairments of depressive, bipolar and related disorders; anxiety and obsessive compulsive disorders; and learning disorder were severe, but that Plaintiff's medically determinable impairment of disorder of the back (discogenic and degenerative) was not severe. R. 93–94, 101–02. However, when considering the paragraph B criteria for Listings 12.04, 12.06, and 12.11, she opined that Plaintiff had only a mild limitation in his ability to understand, remember, or apply information, although she agreed with Consultant Williams that Plaintiff had moderate limitations in the other three functional areas, *i.e*., in his ability to interact with others; to concentrate, persist, or maintain pace; and to adapt or manage himself. R. 94, 102.

## V.    DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ erred in failing to determine whether Plaintiff's learning disorder was a severe, medically determinable impairment at step two of the sequential evaluation. *Plaintiff's Brief*, ECF No. 12, pp. 17–18. Plaintiff contends that the ALJ—not this Court— must determine whether a health condition is a medically determinable impairment and that the ALJ's failure to do so in this matter prevents this court from determining whether substantial evidence supports the ALJ's RFC determination. *Id*. at 17 (citing *Denise A. v. Comm'r of Soc. Sec*., No. CV 20-15616, 2022 WL 2093162 (D.N.J. June 10, 2022)). Plaintiff specifically argues that, in this case, substantial evidence does not support the ALJ's RFC

---

[5] Other than a reference to the medical specialty code "38 Psychology[,]" R. 95, 97–98, 103, 105–06, Consultant Fierstien's credentials do not appear in the record.

determination because the ALJ failed to evaluate whether Plaintiff's learning disorder was a severe, medically determinable impairment and, if so, what functional limitations flowed from that impairment. *Id.* at 18. Plaintiff complains that the ALJ did not even mention Plaintiff's learning disorder despite the fact that the ALJ found persuasive the opinions of the state agency consultants who concluded, *inter alia*, that Plaintiff's learning disorder was in fact a severe impairment. *Id.*

The Acting Commissioner disagrees that the ALJ committed reversible error in this regard, arguing that it was Plaintiff's burden to establish the existence of functional limitations flowing from this impairment and so severe that they prevented him from performing his past relevant work or any other substantial gainful activity that existed in the national economy. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 14, p. 11-12 (noting further that a diagnosis, by itself, is insufficient). The Acting Commissioner also specifically argues that "the record confirms reasonable mental functioning to perform the range of unskilled work that the ALJ assessed and refutes a claim that limitations from a learning disability were anything more than de minimis." R.12. (noting further that Plaintiff "worked for more than 10 years for Walmart and while working there, he was also self-employed, managing his own computer repair business") (citations omitted). The Acting Commissioner goes on to insist that this work history compels the conclusion that, even if Plaintiff suffered a learning disability, he "overcame it and demonstrated the ability to be gainfully employed for an extend[ed] period" and, therefore, cannot meet his burden or show harm from the ALJ's "handling of his claimed learning disability." *Id.*

In reply, Plaintiff insists that the ALJ was required to consider whether Plaintiff's learning disorder, which the state agency consultants characterized as a severe, medically

determinable impairment, was in fact a medically determinable impairment and to consider all medically determinable impairments, both severe and non-severe, when crafting the RFC determination. *Plaintiff's Reply Brief*, ECF No. 15, pp. 5–7 (citations omitted).

The Court agrees that this issue requires remand. At step two of the sequential evaluation, an ALJ must determine whether a claimant has a medically determinable impairment and whether that impairment is severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c); *see also Denise A.*, 2022 WL 2093162, at *7 ("[A]n impairment must first be characterized as a medically determinable impairment before an ALJ may determine that such impairment is severe."). It is true that, usually, "when an ALJ finds that the claimant has at least one severe impairment at step two and continues onto the subsequent steps, omission of another impairment, or the determination that an impairment is not severe, is harmless error." *Robert E. v. Comm'r of Soc. Sec.*, No. 1:20-CV-06882-NLH, 2021 WL 5277193, at *4 (D.N.J. Nov. 12, 2021); *see also Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff]'s favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless."). However, that error at step two is harmless only when the ALJ has analyzed the medically determinable impairments when crafting the RFC determination "and it would not otherwise affect the outcome of the case." *Robert E.*, 2021 WL 5277193, at *4 (citations omitted). This is because the RFC determination must consider every medically determinable impairment—both severe and non-severe—in combination. *Id.*; *see also* 20 C.F.R. §§ 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). 416.920(c) (same); *Hammond v. O'Malley*, 735 F.

11

Supp. 3d 567, 579 (E.D. Pa. 2024) ("[T]he ALJ has the affirmative 'obligation to determine the severity of the impairment at step two (if any) and what functional limitations (if any) the impairments impose on [the claimant] in the RFC determination.'") (citations omitted). Accordingly, "[a]n ALJ may only disregard an impairment in the RFC determination if that impairment has not been found to be medically determinable and has no demonstrable symptoms." *Robert E.*, 2021 WL 5277193, at *6; *see also Diciano v. Comm'r of Soc. Sec.*, No. 1:18-CV-17383, 2019 WL 6696523, at *4 n.6 (D.N.J. Dec. 9, 2019) ("[A]n ALJ does not have to consider an alleged impairment if he does not find such an impairment is medically determinable.") (citations omitted).

    In the present case, at step two, the ALJ found that Plaintiff suffered from the severe impairments of depressive disorder and anxiety disorder. R. 30. The ALJ also found that Plaintiff's medically determinable impairments of psoriasis and obesity and his non-medically determinable impairment of back pain were non-severe. R. 31–32. However, the ALJ made no mention whatsoever at step two—nor at any subsequent step of the sequential evaluation—of Plaintiff's learning disorder, which the state agency consultants characterized as a severe impairment. R. 28–38. The ALJ therefore never considered whether this disorder was a medically determinable impairment. *See id*. That determination was critical because, as already noted, an ALJ must consider all medically determinable impairments, even those that are non-severe, when crafting the claimant's RFC. *See Salles*, 229 F. App'x at 147; *see also Robert E.*, 2021 WL 5277193, at *6.

    To the extent that the Acting Commissioner urges the Court to find that any error in the ALJ's "handling" of Plaintiff's learning disorder was harmless because the Plaintiff "overcame" this disorder and had the ability "to be gainfully employed for an extended period[,]"

*Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 14, p. 12, that argument misses the mark. It is the ALJ who must make this determination; this Court "is in no position to make determinations concerning whether a health condition is a medically determinable impairment pursuant to the regulations[.]" *Denise A.*, 2022 WL 2093162, at *7. "[W]ithout a clear determination of whether [Plaintiff's learning disorder is] medically determinable, the Court is unable to analyze whether the RFC properly incorporated limitations related to [this] condition[]." *Id.*; *see also Hammond*, 735 F. Supp. 3d at 580 ("Because the ALJ ignored Plaintiff's PTSD throughout the decision, the Court will remand the matter."); *Susan W.*, 2023 WL 6366043, at *6 ("[T]his Court cannot say substantial evidence supports the ALJ's decision" where "the ALJ never mentions those impairments"). This is true, moreover, even if the evidence suggests that the condition has no impact on the claimant's daily life or may not require functional restrictions in the RFC. *See Hammond*, 735 F. Supp.3d at 580 ("Indeed, courts have required ALJs to address the functional limitations, if any, caused by a medically determinable impairment, even where there is evidence in the record that it 'does not impact ordinary conditions of daily life.'") (citations omitted); *Susan W.*, 2023 WL 6366043, at *6 (recognizing that conditions never considered by the ALJ, "even when properly considered with her other impairments, may not require more workplace restrictions" and, "[e]ven if those conditions are non-severe, and thus may well not significantly limit [the claimant's] ability to do basic work activities, those conditions—'when considered with limitations or restrictions due to other impairments'—may 'be critical to the outcome of a claim.' . . . But that is a determination the ALJ must make, not this Court") (quoting SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996)); *Robert E.*, 2021 WL 5277193, at *7 ("This Court cannot weigh the evidence or substitute its conclusions for those of the ALJ, or independently determine the impact of Plaintiff's non-

severe impairments in combination with his severe impairments on his RFC.[] Without the ALJ

performing that analysis, this Court cannot determine whether the ALJ's decision is supported by

substantial evidence. Consequently, the matter must be remanded for further proceedings so that

the ALJ may properly consider how Plaintiff's non-severe impairments affect his RFC and his

capability to perform work that exists in the national economy.").

This Court therefore concludes that remand of the matter for further consideration of

these issues is appropriate.[6] Moreover, remand is appropriate even if, upon further examination

of Plaintiff's learning disorder and the RFC determination, the ALJ again concludes that Plaintiff

is not entitled to benefits. *Id*.; *cf. Zuschlag v. Comm'r of Soc. Sec. Admin*., No. 18-CV-1949,

2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same

conclusion, but it must be based on a proper foundation.").

## VI.    CONCLUSION

For these reasons, the Court **REVERSES** the Acting Commissioner's decision and

**REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42

U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  February 20, 2025                    *s/Norah McCann King*
                                   NORAH McCANN KING
                                   UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's claimed learning disorder and the RFC determination, the Court does not consider those claims.
.